IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:08CR00061   SWW |
| | * | |
| ANTHONY WALTER CHANDLER | * | |
| | * | |
| | * | |

**ORDER**

Defendant Anthony Walter Chandler ("Chandler") is charged with conspiracy to manufacture methamphetamine, possession of a listed chemical, aiding and abetting possession of equipment and chemicals that may be used to manufacture methamphetamine, and possession of firearms in furtherance of a drug trafficking crime.  Before the Court is Chandler's motion to suppress evidence (docket entry #94) and the United States' response in opposition (docket entry #100).   After careful consideration, and for the reasons that follow, the motion to suppress will be denied.

Chandler moves to suppress evidence uncovered during a search of property adjacent to his residence.  Chandler argues:

> The property on which much of the drugs and paraphernalia were found does not belong to Mr. Chandler. . . . There are two roads leading to the property, and people come onto the property often to go fishing.  The search warrant did not cover those persons' property.  Additionally, Mr. Chandler has no control over who trespasses onto the property to go fishing, nor over invitees who come to fish.  The items seized from property that didn't belong to Mr. Chandler should be suppressed.  Because there was no warrant to search other peoples' property, and because Mr. Chandler cannot control who comes onto the other peoples' property, the items confiscated from there are tainted as 'fruit of the poisonous tree' and must be suppressed.

Def.'s Mt. Supp., ¶ 8 and 9.

The United States asserts that Chandler had no legitimate expectation of privacy in the property at issue, thus he has no standing to challenge the search of that property. The Court agrees. Fourth Amendment rights are personal and may not be asserted vicariously. *See Rakas v. Illinois* 439 U.S. 128, 134, 99 S. Ct. 421, 425 (1978)("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.") Furthermore, a defendant can prevail on a fruit of the poisonous tree claim only if he has standing regarding the violation which constitutes the poisonous tree.

Here, Chandler concedes that he did not own the property searched, and he states that he had no authority or control over who accessed the property. Chandler alleges no facts indicating that he had a socially recognized reasonable expectation of privacy in his neighbor's property. *See United States v. Schroeder*, 129 F.3d 439, 442 (8th Cir. 1997)(citations omitted)("This legitimate expectation is based not solely on ownership, nor on positive law, but on what is socially recognized as reasonable."). Accordingly, his Fourth Amendment challenge fails as a matter of law. Because Chandler raises no issues of fact in support of his motion, only legal objections, an evidentiary hearing is not required. *See U.S. v. Losing,* 539 F.2d 1174, 1177 (8th Cir. 1976)(quoting *United States v. Ledesma,* 499 F.2d 36, 39 (9th Cir.), *cert. denied,* 95 S. Ct. 501 (1974)).

For the reasons stated, Defendant's motion to suppress (docket entry #94) is DENIED and the evidentiary hearing on the motion set for September 10, 2008 is cancelled..

IT IS SO ORDERED THIS 26TH DAY OF AUGUST, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE