IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * |
| VS. | * |
| | *   NO: 4:08CR00061   SWW |
| | * |
| ANTHONY WALTER CHANDLER | * |
| | * |
| | * |

## ORDER

Defendant Anthony Walter Chandler ("Chandler") is charged in the second superceding indictment (docket entry #82) with conspiracy to manufacture methamphetamine (Count I); possession of a listed chemical (Count II); aiding and abetting possession of equipment and chemicals that may be used to manufacture methamphetamine (Count III), and possession of firearms in furtherance of a drug trafficking crime (Count IV).

Before the Court are Defendant's third and fourth motions in limine (docket entries #141, #142) and the Government's response in opposition (docket entry #144).  Also before the Court is Defendant's motion for reconsideration (docket entry #143).  After careful consideration, and for the reasons that follow, Defendant's third motion in limine will be granted in part and denied in part, Defendant's fourth motion in limine will be denied, and Defendant's motion for reconsideration will be granted.  <u>The Court's rulings on motions *in limine* are subject to revision based upon developments at trial.  However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury</u>.

### Defendant's Third Motion in Limine (docket entry #141)

Defendant states: "[Government] exhibits 78, 79, and 79A are . . . a photograph of the case of a pornographic movie, the case itself, and the inside of the case.  Inside the case is another pornographic movie, as well as a few small ziplock baggies."  Defendant notes that he is not on trial for an offense

related to pornography, and he asserts that "the pornography exhibits" can only be used to inflame the jury. Chandler anticipates that Government witnesses will testify that methamphetamine is typically packaged in small ziplock bags for sale of small amounts.

The Government responds that it does not object to the exclusion of the "pornographic CD case label (cover sheet) and the pornographic CD from inside the case as unfairly prejudicial . . . " However, the Government objects to exclusion of ziplock bags found within the CD case, arguing that these items are relevant to prove the crimes charged. The Government proposes that the CD case with the ziplock bags inside, but with the label and CD removed, be admitted into evidence.

Chandler argues that the ziplock bags amount to cumulative evidence because the Government plans to introduce "a video of the defendant and others smoking methamphetamine, a guide on how to grow marijuana, canisters found on the property where Defendant was living when he was arrested, photographs of methamphetamine, cash money, guns, and drug paraphernalia."

The Court finds that the ziplock bags are relevant as indicia of drug trafficking and that the probative value of this evidence is not substantially outweighed by the danger of needless presentation of cumulative evidence. Accordingly, Defendant's motion is granted as to the pornographic CD and case label, but denied as to the ziplock bags.

**Defendant's Fourth Motion in Limine (docket entry #142)**

The government intends to introduce the testimony of Robert McMunn, Jr. Defendant anticipates that McMunn will testify regarding the following: (1) that in or about 1999, he saw Defendant manufacture methamphetamine and that he took some supplies from the defendant and attempted to manufacture methamphetamine himself; (2) that his father said that Defendant "cooked the best dope, and . . . had an M-16[,]" (3) that Christy Parnell got "old school" methamphetamine from Defendant, and (4) that McMunn's father went to the penitentiary for drug crimes.

Defendant asks the Court to exclude the foregoing evidence on grounds that 1999 is too remote in time from the current charges, statements uttered by McMunn's father and Christy Parnell are hearsay,

and evidence that McMunn's father went to prison is unfairly prejudicial.

The United States responds that McMunn will testify that he personally observed a military style firearm (M-16) in Defendant's residence; that in 2005 and 2006 he personally observed Defendant and his father with a large quantity of methamphetamine in his father's bedroom; that in 2007, Defendant provided him with "old school" methamphetamine while Christy Parnell was present; and in the summer of 2007, he smoked methamphetamine with Defendant.

The Court finds that the evidence described by the Government is admissible and relevant to prove Chandler's knowledge and intent to manufacture methamphetamine at the time of the crimes charged.  *See United States v. Beltz*, 385 F.3d 1158, 1161 (8th Cir. 2004), *cert. denied*, 544 U.S. 968, 125 S.Ct. 1751(2005)(testimony that the witness had produced methamphetamine at the defendant's residence thirty to fifty times between 1997 and 2000 was relevant to the crime charged–attempt to produce methamphetamine in 2006).  Furthermore, the Court finds that the probative value of the anticipated testimony is not substantially outweighed by the possibility of unfair prejudice.  Accordingly, Defendant's motion will be denied.

### Defendant's Motion for Reconsideration (docket entry #143)

With his first motion in limine, Chandler asked the Court to instruct the Government to "admonish each of its witnesses not to discuss in any manner whatsoever the alleged murder of Kenny Moss, or the suspicions that [Chandler] was somehow involved in such murder, or the fact that Kenny Moss is missing."   The United States responded that it has no intention of eliciting testimony regarding Kenny Moss and that it is cautioning and will continue to admonish witnesses that no mention of Kenny Moss is to be made during trial.

Given the United States' response, the Court found Chandler's motion moot.  Chandler asks the Court to reconsider its ruling and enter an order granting the motion without objection from the Government.  Chandler asserts that such action will serve "as better protection for the Defendant's right to a mistrial should any witness accidently forget the admonishment not to discuss Kenny Moss."  The

motion for reconsideration will be granted.

IT IS THEREFORE ORDERED that Defendant's third motion in limine (docket entry #141) is GRANTED IN PART AND DENIED IN PART as stated in this order.

IT IS FURTHER ORDERED that Defendant's fourth motion in limine (docket entry #142) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for reconsideration (docket entry #143) is GRANTED. The Government is instructed to admonish each of its witnesses not to discuss in any manner whatsoever the alleged murder of Kenny Moss, suspicions that Defendant was somehow involved in such murder, or that Kenny Moss is missing.

IT IS SO ORDERED THIS 23RD DAY OF JULY, 2009

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE