# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                               4:08-CR-00061-SWW

ANTHONY WALTER CHANDLER

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release and Motion to Appoint Counsel (Doc. Nos. 214, 215) are DENIED.

## I. BACKGROUND

On July 27, 2009, Defendant pled guilty to possession of a machine gun in furtherance of a drug trafficking offense.[1]  On December 15, 2009, he was sentenced to 360 months in prison, which was the statutory, mandatory minimum.[2]

## II. DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C.

---

[1] Doc. Nos. 152, 152

[2] Doc. Nos. 167, 168.

1

§ 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]  Defendant has provided a copy his June 24, 2020 request and the warden's response.  On August 23, 2020, Defendant appealed the warden's denial, but it is not clear if the appeal has been resolved, and thirty days has not yet passed.  Accordingly, Plaintiff's motion appears to be premature, which means this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant asserts that he has dyspnea and a history of prostate cancer, which put him at a higher risk of suffering from COVID-19.  First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]

---

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

Defendant's health conditions are not listed. Defendant has provided no argument or evidence to show that his health conditions are severe enough to prevent him from independently functioning within the prison. He also has provided neither argument nor evidence that his health conditions are unable to be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]

Third, Defendant is 59 years old and has served about half of his sentence, which means he does not meet the age and minimum served-time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, the severity of the offense. Witnesses and confidential informants told law enforcement that Defendant had been involved with using, manufacturing, and

---

recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

3

distributing methamphetamine for nearly ten years at the time of his arrest. Witnesses advised that Defendant used drugs with his purchasers and often carried semi-automatic weapons. Reports also indicated that Defendant had a fully automatic machine gun, and he showed other people how to convert the weapon to fully automatic status.

On November 8, 2007, law enforcement approached Defendant about a stolen trailer. After claiming he had purchased the trailer, Defendant slammed the door shut and threatened officers with firearms. After officers obtained a warrant, they found a methamphetamine lab in a shed, thirteen firearms (including a fully automatic AR-15 machine gun), a smoke grenade, five blasting caps, one mine detonator, three trip wire actuators, $8,300 in cash, marijuana, ingredients used to make methamphetamine, and methamphetamine.

A few months after his arrest Defendant continued to be involved with illegal transactions related to methamphetamine production. He sold acquaintance fertilizer and pseudoephedrine tablets that he knew was being used to make methamphetamine. When Defendant was arrested a second time, law enforcement discovered various chemicals used to make methamphetamine in his car.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release and Motion to Appoint Counsel (Doc. Nos. 214, 215) are DENIED.

IT IS SO ORDERED, this 14th day of September, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
